IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES M. DUUS, an individual, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| | ) | **AND DEMAND FOR JURY TRIAL** |
| -vs- | ) | |
| | ) | |
| NEW TKG-NEBRASKA STORAGE, LLC, | ) | |
| d/b/a STORAGEMART, a Missouri | ) | |
| Limited Liability Company; TKG | ) | |
| STORAGEMART PARTNERS, LP; | ) | |
| A Delaware Limited Partnership; and, | ) | |
| STORAGEMART PARTNERS, L.L.C., | ) | |
| a Missouri Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW the Plaintiff, Charles Duus, and in support of his Complaint and Demand for Jury Trial, states and alleges as follows:

## INTRODUCTION

1. This case arises out of the wrongful enforcement of a storage lien on a storage unit leased by Plaintiff under an agreement with Defendants, in violation of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 et seq.

## JURISDICTION AND VENUE

2. Subject Matter Jurisdiction is proper under 28 U.S.C. § 1331 as it is based upon federal question involving allegations of unlawful conduct under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq.; 50 U.S.C. § 4042 (providing private cause of action).

3. This Court has supplemental jurisdiction over the state law claims contained in this complaint under 28 U.S.C. § 1367 because the state law claims are so related to the federal claim so as to form part of the same case or controversy.

4. Venue is proper in this Court under 28 U.S.C. § 1391, because the acts out of which the Plaintiff's Complaint arises occurred within the District of Nebraska, and the contract on which the parties' relationship was based was entered into in the District of Nebraska.

## PARTIES

5. Plaintiff Charles M. Duus ("Mr. Duus"), is and was at all times relevant herein a permanent resident of Lincoln, Lancaster County, Nebraska.

6. Mr. Duus is and was at all times relevant herein a Service Member of the United States Army in active service as defined under the SCRA.

7. Defendant New TKG-Nebraska Storage, LLC, ("TKG Nebraska"), d/b/a StorageMart, is and was at all times relevant herein a Limited Liability Company formed under the laws of Missouri, with a principal place of business at 215 North Stadium Boulevard, Suite 207 Columbia, Missouri and doing business at 2701 W "O" St., Lincoln, Lancaster County, Nebraska.

8. Defendant TKG StorageMart Partners, L.P., ("TKG Partners") is and was at all times relevant herein a Limited Partnership formed under the laws of Delaware, with its principal place of business in Wilmington, Castle County, Delaware.

9. Defendant StorageMart Partners, L.L.C., ("StorageMart") is and was at all times relevant herein a Limited Liability Company organized under the laws of the State of Missouri, with its principal place of business in Columbia, Boone County, Missouri.

10. On information and belief, defendants TKG Partners, StorageMart, and TKG Nebraska conduct business in Nebraska under the StorageMart name, pursuant to a franchise or similar agreement with amongst Defendants.

## FACTUAL BACKGROUND

11. On or about March 29, 2019, Mr. Duus entered into a written agreement ("the Agreement") with TKG Partners, TKG Nebraska, and StorageMart, signed by all parties, to lease a storage unit ("the Unit") on a month to month basis from defendants for the storage of his personal property.

12. Mr. Duus paid defendants the first month's installment and deposit prior to taking possession of the Unit.

13. Under the Agreement, Mr. Duus promised to make sufficient monies available to defendants on a monthly basis as rent for the Unit, which defendants promised to withdraw at least ten days prior to each monthly renewal on an auto-pay plan.

14. Defendants held an interest in the property contained in the Unit as security on the performance of Mr. Duus's obligations under the Agreement for storage of his personal property and effects.

15. In exchange for Mr. Duus's promise, defendants promised not to enforce any liens, terminate the agreement, or sell or otherwise dispose of Mr. Duus's property.

16. Defendants had knowledge that Mr. Duus was a Service Member at the time the Agreement was executed.

17. Shortly after executing and making initial payments under the Agreement Mr. Duus stored a vast collection of his personal property in the Unit.

18. Thereafter, on April 2, 2019, Mr. Duus entered Active Duty upon reenlistment and was permanently assigned to Joint Base Elmendorf-Richardson, located near Anchorage Alaska.

19. In January 2020 defendants sold the Unit without providing Mr. Duus advance notice of the sale and without first obtaining a court order in violation of the SCRA.

20. Defendants did not provide adequate notice of the Unit's sale to Mr. Duus, nor did they sufficiently advertise or conduct the sale, nor did they hold the proceeds of the sale for Mr. Duus.

21. Defendants' sale of the Unit therefore failed to comply with the provisions of the Self-Service Storage Facilities Act, Neb. Rev. Stat. § 76-1601 et seq.

22. On or about June 18, 2020, Defendants informed Mr. Duus that they had enforced the storage lien and sold Mr. Duus' Unit at auction, while he was out of state on active duty.

23. At all times during the term of the Agreement Mr. Duus consistently offered full compliance with its terms.

24. Despite Mr. Duus's best efforts, he has been unable to locate or track down a single item contained in the Unit.

25. Mr. Duus remains on Active Duty, stationed in Alaska, and must endure the knowledge that at the end of his service for the United States, he must return to Nebraska where nothing awaits him—not a single item of a life's worth of accumulations remains for him.

## **COUNT I: VIOLATION OF THE SERVICEMEMBERS CIVIL RELIEF ACT**
## **50 U.S.C. § 3952 – Protection under installment contracts for bailment**
## **AGAINST ALL DEFENDANTS**

26. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-23.

27. The Agreement was a contract between Mr. Duus and defendants for the bailment of personal property and was entered into prior to Mr. Duus's military service.

28. Defendants rescinded and/or terminated the Agreement for a breach of its terms during Mr. Duus's period of military service without first obtaining a court order.

29. Defendants thereafter repossessed their property without first obtaining a court order.

30. In January of 2020, Defendants sold the Unit or caused it to be sold at auction.

31. As a result of the agreement being terminated or rescinded Mr. Duus has suffered the following damages:

    a. The replacement cost of all property stored within the Unit at the time of the breach;

    b. The reasonable value of costs to cover the loss of use of the property; and,

    c. Other direct and consequential damages resulting from the breach.

32. Additionally, because of Defendants' knowledge that Mr. Duus was a servicemember engaged in military service at the time Defendants terminated the agreement, Mr. Duus is entitled to punitive damages under 50 U.S.C. § 4043.

## COUNT II: VIOLATION OF THE SERVICEMEMBERS CIVIL RELIEF ACT
## 50 U.S.C. § 3958 – Enforcement of storage liens
### AGAINST ALL DEFENDANTS

33. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-30.

34. Defendants had a storage lien on the property contained in the Unit.

35. During the period of Mr. Duus's military service, defendants foreclosed or enforced the storage lien without first obtaining a court order.

36. As a result of this breach Mr. Duus has suffered the following damages:

    a. The fair market value of all property stored within the Unit at the time of the breach;

    b. The reasonable value of interest from the date of lien enforcement to present; and,

    c. The reasonable value and costs associated with the loss of use of the property.

37. Additionally, because of Defendants' knowledge that Mr. Duus was a servicemember engaged in military service at the time Defendants foreclosed upon or enforced the lien on the Unit, Mr. Duus is entitled to punitive damages under 50 U.S.C. § 4043.

## COUNT III: NEBRASKA STATE LAW NEGLIGENCE

## AGAINST ALL DEFENDANTS

38. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-35.

39. The Agreement between Mr. Duus and defendants was a bailment for hire.

40. Defendants owed Mr. Duus a duty to exercise reasonable due care in maintaining and returning his property in the same condition.

41. Defendants failed to exercise reasonable due care in maintaining and returning his property.

42. On information and belief, Defendants breached this duty in one or more of the following ways:

   a. Failure to maintain true, accurate and complete records;

   b. Failure to adequately communicate with

   c. Failure to maintain a functional and adequate electronic payment system as advertised;

   d. Failure to accept payments;

   e. Failure to comply with the SCRA; and

   f. Failure to comply with Neb. Rev. Stat. § 76-1607(2).

43. As a direct and proximate result of the defendants' failure to exercise due care, Mr. Duus has suffered damages including but not limited to:

   a. The fair market value of the property contained within the Unit at the time of the breach;

   b. Special costs arising out of the loss of use of the property contained in the Unit from the time of the breach to present;

   c. Special costs arising out of Mr. Duus's attempts to locate, reacquire, and replace the lost property; and,

    d. Emotional Distress arising out of unbearable shock associated with learning that all of Mr. Duus's worldly possessions, mementos and heirlooms were forever lost.

## COUNT IV: NEBRASKA STATE LAW CONVERSION
## AGAINST ALL DEFENDANTS

44. Plaintiff incorporates and realleges by reference the allegations in paragraphs 1-41.

45. Mr. Duus was at all times relevant the lawful owner of all property contained in the Unit, to the lawful exclusion of all others.

46. Defendants wrongfully and intentionally exercised the rights of ownership and exerted dominion over Mr. Duus's property when they took possession of the Unit and sold or caused it to be sold at auction.

47. As a result of the sale of the property contained in the Unit, defendants wrongfully deprived Mr. Duus of the full value of the property contained in the Unit.

48. As a direct result of the wrongful deprivation of Mr. Duus's property, he has suffered damages including:

    a. The reasonable value of the property in the Unit at the time the conversion occurred;

    b. Interest on the value of the property in the Unit from the date of conversion; and,

    c. Reasonable costs associated with the loss of use of the property in the Unit.

## DEMAND FOR JURY TRIAL

49. Plaintiff demands trial by jury on all claims that may be tried to a jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against the Defendants, and each of them, for all damages suffered to the extent allowed by law for the following:

A. Special damages as detailed herein suffered by Mr. Duus, in an amount to be proven at trial;

B. General damages including Mr. Duus's pain and suffering and emotional distress;

C. Attorneys' fees; and,

D. Punitive Damages against all defendants.

    Respectfully submitted,
    Charles M. Duus, Plaintiff.

    /s/ Carey D. Collingham
    Carey D. Collingham, #27029
    Christopher Ferdico, #20988
    BERRY LAW FIRM
    6940 O Street, Suite 400
    Lincoln, NE  68510
    Telephone: (402) 466-8444
    Fax: (402) 466-1793
    E-mail: careyc@jsberrylaw.com
    Attorneys for Plaintiff